Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
90 S. Kyrene Rd, Ste. 5
Chandler, AZ 85226-4687
Office:  (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Mark D. Mailman, Esquire
Erin A. Novak, Esquire
**FRANCIS & MAILMAN, P.C.**
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

**Attorneys for Plaintiff**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Greg Bennett; | ) | CIVIL ACTION FILE |
| | ) | |
| Plaintiff, | ) | NO. _____ |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| First Advantage Background | ) | JURY TRIAL DEMANDED |
| Services Corp. | ) | |
| | ) | NON-ARBITRATION |
| Defendant. | ) | |

## PRELIMINARY STATEMENT

1.     This is an action for damages brought by an individual consumer against

the Defendant for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§

1681 *et seq.*, *as amended*.

## JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331 and 1337.

3.     Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.     Plaintiff Greg Bennett is an adult individual, who resides in Maricopa, AZ.

5.     Defendant First Advantage Background Services Corp. ("First Advantage") is a consumer reporting agency that regularly conducts business in Arizona and which has a principal place of business located at 1 Concourse Parkway, NE, Suite 200, Atlanta, GA.

## FACTUAL ALLEGATIONS

6.     In or around July 2016, Plaintiff applied for employment at Wells Fargo ("Wells Fargo") through a staffing agency, Insight Global, Inc. ("Insight")

7.     Plaintiff applied for the position and was provisionally hired by Insight, contingent upon a background check and drug test results.

8.     Insight requested from the Defendant, and the Defendant sold to Insight, a consumer report concerning the Plaintiff, on or around July 7, 2016.

9.     The consumer report furnished by Defendant was for employment purposes.

10.     This consumer report contained at least one item of information which was a matter of public record and the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically, with

Insight.

11.     Defendant has been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history and record to third parties ("inaccurate information").

12.     The inaccurate information includes, but is not limited to, a criminal offense record.  This record appears on the consumer report Defendant sold about Plaintiff to Insight as follows:  "FELONY AND MISDEMEANOR- NORWALK, LOS ANGELES, CA;"

13.     The inaccurate information grossly disparages the Plaintiff and portrays him as a felon, which he is not. There is perhaps no greater error that a consumer reporting agency can make.  The inaccurate information consists of incorrect statements which misrepresent his criminal history as well as incorrect personal identifying information.

14.     The derogatory inaccuracies are especially egregious considering investigation attempts mentioned later in the report as follows:  "THE SUPERIOR COURT IN LOS ANGELES COUNTY HAS NO CRIMINAL RECORD FOR BENNET, GREGORY WITH A DOB OF 10/04/1956 FOR THE ARREST IN 01/21/1976 AND 05/30/1986.;"

15.     Any rudimentary inspection of the data would reveal the inaccuracies. Defendant employed such a procedure here, however willfully and recklessly disregarded the information they found and reported Plaintiff as ineligible for the job anyway.

16.     In creating and furnishing the Plaintiff's consumer report, Defendant failed

to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff.  For example, Defendant allowed not only unverified records on the consumer report, but reported records the court specifically said did not match the Plaintiff.

17.     Plaintiff was subsequently denied employment at Insight and Plaintiff was informed by Insight that the basis for this denial was the inaccurate information that appears on Plaintiff's consumer report and that the inaccurate information was a substantial factor for the denial.

18.     Additionally, Plaintiff received no notification from Defendant that public record information had been reported about him, and Defendant did not notify Plaintiff of the name and address of the person to whom such information was reported.

19.     Upon information and belief, the Plaintiff alleges that Defendant never sent such a notice letter "at the time" it furnished an employment consumer report containing derogatory public record information about him, as required by 15 U.S.C. § 1681k(a)(1).

20.     As of result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunities, harm to reputation, and emotional distress, including humiliation and embarrassment.

21.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

22.     At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

## COUNT ONE – VIOLATIONS OF THE FCRA
### (Plaintiff v. Defendant)

23.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

24.     At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

25.     At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

26.     At all times pertinent hereto, the above-mentioned consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

27.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b) and § 1681k.

28.     The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

29.   Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against

the Defendant, based on the following requested relief:

      (a)   Actual damages;

      (b)   Statutory damages;

      (c)   Punitive damages;

      (d)   Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n

           and 1681o; and

      (e)   Such other and further relief as may be necessary, just and proper.

Respectfully submitted, June 14, 2017

BY:   s/  Floyd W. Bybee
      Floyd W. Bybee, #012651
      **BYBEE LAW CENTER, PLC**
      90 S. Kyrene Rd, Ste. 5
      Chandler, AZ 85226-4687
      Office:  (480) 756-8822
      Fax: (480) 302-4186
      floyd@bybeelaw.com

      Mark D. Mailman, Esquire
      Erin A. Novak, Esquire
      **FRANCIS & MAILMAN, P.C.**
      Land Title Building, 19th Floor
      100 South Broad Street
      Philadelphia, PA 19110
      (215) 735-8600

      *Attorneys for Plaintiff*